1  **WORTHE HANSON & WORTHE**
   A Law Corporation
2  1851 East First Street, Ste. 860
   Santa Ana, California 92705
3  Telephone (714) 285-9600
   Facsimile (714) 285-9700
4
   TODD C. WORTHE, SBN 177452
5  MACKENZIE C. FOELLMER, SBN 255721

6  Attorneys for Defendant, DELTA AIR LINES, INC.

7

8             **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZIQING WU, an individual, | Case No. [LASC Case No. 20STCV06696]] |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1446(b) AND 28 U.S.C. § 1332(a)** |
| DELTA AIR LINES, INC., a business entity of unknown form; CHINA EASTERN AIRLINES CO., LTD., a business entity of unknown form; and DOES 1 to 50, Inclusive. | |
| Defendants. | Complaint Filed: 02/18/2020 |

**JURISDICTION** of this Court is invoked on the basis of diversity of citizenship and pursuant to 28 U.S.C. 1332, 28 U.S.C. 1441 and 28 U.S.C. 1446.

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant, DELTA AIR LINES, INC., hereby removes to this Court the State Court Action described below.

1.    Defendant, DELTA AIR LINES, INC., hereby invokes the jurisdiction of this Court based upon the provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 1446, on the basis of diversity of citizenship.

///

///

2. On February 18, 2020, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled "*Ziqing Wu v. Delta Air Lines, Inc., et al.*" bearing Case No. 20STCV06696. [A copy of Plaintiff's Complaint is attached hereto as **Exhibit "A."**] The Complaint was not a document from which this case could be removed.

3. The Complaint in this matter was served on Corporation Service Company (CSC), Registered Agent for Service of Process for Defendant, DELTA AIR LINES, INC., on March 18, 2021. [A copy of the Notice of Service of Process is attached hereto as **Exhibit "B."**]

4. On March 18, 2021, Plaintiff's counsel also caused to be served a Statement of Damages on Defendant, DELTA AIR LINES, INC., setting forth general damages in the approximate amount of $10,000,000.00; Medical Expenses to date in the amount of $91,718.85+; and Future Medical Expenses in the amount of $500,000.00+. Plaintiff's damages currently total $10,591,718.85 [ A copy of the Statement of Damages is attached hereto as **Exhibit "C."**]

5. Pursuant to 28 U.S.C. § 1446(b), defendant has thirty (30) days from the date it receive the Plaintiff's Statement of Damages, to and including April 19, 2021, to remove this matter to the United States District Court for the Central District of California, since the Statement of Damages is "other paper from which it may first be ascertained that the case is removable on the basis of jurisdiction conferred by Section 1332 of this Title..."

6. This is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, as evidenced by **Exhibit "C."**

7. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1332(a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00.

///

8. Defendant is informed and believes that Plaintiff, Ziqing Wu, resides in the County of Los Angeles, and was, and still is, a citizen of the State of California.

9. Defendant, DELTA AIR LINES, INC. was, at the time of the filing of this action, and still is, incorporated under the laws of the State of Delaware, having its principal place of business within the State of Georgia. DELTA AIR LINES, INC. conducts most of its activity in the State of Georgia, and is most visible and impacts the public in the State of Georgia. The majority of DELTA AIR LINES, INC.'s employees are within the State of Georgia, its tangible property is located in the State of Georgia and its central hub is located at Hartsfield International Airport, Atlanta, Georgia.

10. Accordingly, the United States District Court for the Central District of California - Central Division, has diversity jurisdiction, and this action is properly removed pursuant to 28 U.S.C., §1332(a), et seq.

DATED: April 14, 2021                              **WORTHE HANSON & WORTHE**

By: /S/ *Todd C. Worthe*
TODD C. WORTHE, ESQ.
MACKENZIE C. FOELLMER, ESQ.
Attorneys for Defendant, DELTA AIR LINES, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA )
                    ) ss
COUNTY OF ORANGE    )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, Suite 860, Santa Ana, California 92705.

On April 15, 2021, I served the foregoing document described as: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1446(b) AND 28 U.S.C. §1332(a)** to all interested parties in said action by:

☐ BY FACSIMILE TRANSMISSION from FAX No. (714)285-9700 to the FAX number(s) listed below. The facsimile machine I used complied with Rule 2003(3) and no error was report by the machine. Fax Number(s):

☐ BY PERSONAL SERVICE as follows: I caused such envelope to be delivered by hand to the offices of the addressee.

☐ BY THE E.C.F. SYSTEM as follows:

☒ BY ELECTRONIC SERVICE Pursuant to Appendix I, Emergency Rules Related to COVID-19, Emergency Rule 12 to the e-mail addresses stated on the attached Service List

☐ BY MAIL as follows:
  ☐ placing ☐ the original ☐ a true copy thereof in a sealed envelope addressed as stated on the ATTACHED MAILING LIST.
  ☐ I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
  ☐ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ BY OVERNIGHT DELIVERY **(VIA FED EX PRIORITY)**: I deposited such an envelope in a box or other facility regularly maintained by express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served as indicated on the attached Service List, at the office address as last given by that person on any document filed in the case and served o the party making service.

☐____ STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒____ FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 15, 2021, at Santa Ana, California.

_____
GINA M. FISHER

PROOF OF SERVICE

<u>SERVICE LIST</u>
*Wu v. Delta Air Lines, Inc.*
LASC Case No. 20STCV06696
USDC Case No. Unassigned

Edward Y. Lee, Esq.
Law Offices of Edward Y. Lee
3731 Wilshire Blvd., Ste. 940
Los Angeles, CA 90019
(213) 380-5858 Office
(213) 380-5860 Facsimile
ed@eyllaw.com
matt@eyllaw.com
**ATTORNEY FOR PLAINTIFF, ZIQING WU**